United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID WAYNE STUTES,<br><br>             Plaintiff,<br><br>      v.<br><br>J. PARRISH, et al.,<br><br>             Defendants. | Case No. 14-CV-02016-LHK<br><br>**FINAL JURY INSTRUCTIONS (ANNOTATED)** |

     The parties shall file any objections not previously lodged with the Court by February 12, 2016.

**IT IS SO ORDERED.**

Dated: February 8, 2016

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

# I.   GENERAL INSTRUCTIONS

## 1. DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and will hear the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.1C (2007 Edition).

1

## 2. BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.3 (2007 Edition).

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1

### 3. TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.5 (2007 Edition).

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

# 4. WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;
    (2) the exhibits which are received in evidence; and
    (3) any facts to which the lawyers have agreed.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.6 (2007 Edition).

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

# 5. WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition).

United States District Court
Northern District of California

## 6. EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.8 (2007 Edition).

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

1

## 7. DIRECT OR CIRCUMSTANTIAL EVIDENCE

2

3

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

4

5

6

7

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.9 (2007 Edition).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

# 8. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:
    (1) the opportunity and ability of the witness to see or hear or know the things testified to;
    (2) the witness's memory;
    (3) the witness's manner while testifying;
    (4) the witness's interest in the outcome of the case and any bias or prejudice;
    (5) whether other evidence contradicted the witness's testimony;
    (6) the reasonableness of the witness's testimony in light of all the evidence; and
    (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition).

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1

## 9. IMPEACHMENT EVIDENCE – WITNESS

2

3

4

The evidence that a witness has testified in an inconsistent manner with his or her prior testimony or statements may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

5

6

**Source:** Ninth Circuit Model Civil Jury Instructions - 2.8 (2007 Edition).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 10. USE OF INTERROGATORIES OF A PARTY

Evidence has been presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source:** Ninth Circuit Model Civil Jury Instructions - 2.10 (2007 Edition)

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

# 11.  STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

The stipulated facts are as follows:

1. On June 23, 2013, the Defendant Deputies responded to a report of domestic violence. The same day, Plaintiff was arrested for domestic violence and ultimately charged with two counts of domestic violence.  Plaintiff was tried on both counts.  After a trial, a unanimous jury found Plaintiff not guilty of both counts.
2. At the relevant time, Plaintiff's home was a trailer in Morgan Hill
3. At around 3:30 pm on June 23, 2013, Defendants Parrish, Catalano, Barton, and Leslie arrived at Plaintiff's home.
4. Plaintiff arrived at his home sometime after the deputies arrived.
5. Defendants had not obtained a warrant prior to searching Plaintiff's trailer or seizing his property.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.2 (2007 Edition)

## II.    CAUSES OF ACTION

### 12. INTRODUCTION

The plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**Source:** Ninth Circuit Model Civil Jury Instructions – 9.1 (2007 Edition)

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

### 13. PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEARCH—GENERALLY

As previously explained, the plaintiff has the burden to prove that the acts of the defendants Deputy Jessica Parrish, Deputy Michael Leslie, Deputy Shannon Catalano, or Deputy Eric Barton deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when they searched his home.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his residence.  In order to prove a defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:
          (1)  The defendant searched the plaintiff's residence; and
          (2)  The search was unreasonable.


**Source:** Ninth Circuit Model Civil Jury Instructions – 9.11 (2007 Edition)

**14. PARTICULAR RIGHTS—FOURTH AMENDMENT—EXCEPTION TO WARRANT REQUIREMENT—CONSENT**

In general, a search of a person's residence is presumed to be unreasonable under the Fourth Amendment if the search is not authorized by a search warrant. A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing. Under an exception to this rule, a search warrant is not required and a search is reasonable if the person knowingly and voluntarily consents to the search.

A person acts "knowingly" if the person acts with an awareness that particular circumstances exist.

In determining whether a consent to search is voluntary, consider all of the circumstances, including:

> (1) whether the consenting person was in custody;
> (2) whether officers' guns were drawn;
> (3) whether the consenting person was told he or she had the right to refuse a request to search;
> (4) whether the consenting person was told he or she was free to leave;
> (5) whether Miranda warnings were given;
> (6) whether the consenting person was told a search warrant could be obtained;
> (7) any other circumstances applicable to the particular case.

In order to prove the search in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that this exception to the warrant requirement does not apply.

**Source:** Ninth Circuit Model Civil Jury Instructions – 9.13 (2007 Edition)

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

### 15. PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PROPERTY—GENERALLY

As previously explained, the plaintiff has the burden to prove that the acts of the defendants Deputy Jessica Parrish, Deputy Michael Leslie, Deputy Shannon Catalano, or Deputy Eric Barton deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when they seized his property.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his property. In order to prove a defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

      (1)  The defendant seized the plaintiff's property; and
      (2)  The seizure was unreasonable.

A person "seizes" the property of the plaintiff when the person takes possession of or controls the property in a manner that meaningfully interferes with the plaintiff's right to possess the property.

**Source:** Ninth Circuit Model Civil Jury Instructions – 9.16 (2007 Edition)

**16. PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PROPERTY—EXCEPTIONS TO WARRANT REQUIREMENT**

In general, a seizure of a person's property is presumed to be unreasonable under the Fourth Amendment unless the seizure is authorized by a warrant. Under an exception to this rule, a warrant is not required and a seizure is reasonable if the person knowingly and voluntarily consents to the seizure.

A person acts "knowingly" if the person acts with an awareness that particular circumstances exist.

In determining whether a consent to a seizure is voluntary, consider all of the circumstances, including:

> (1) whether the consenting person was in custody;
> (2) whether officers' guns were drawn;
> (3) whether the consenting person was told he or she had the right to refuse a request to search;
> (4) whether the consenting person was told he or she was free to leave;
> (5) whether Miranda warnings were given;
> (6) whether the consenting person was told a search warrant could be obtained;
> (7) any other circumstances applicable to the particular case.

Thus, in order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that this exception does not apply.

**Source:** Ninth Circuit Model Civil Jury Instructions – 9.17 (2007 Edition)

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## 17. CAUSATION

In order to establish that the acts of the defendants Deputy Jessica Parrish, Deputy Michael Leslie, Deputy Shannon Catalano, or Deputy Eric Barton deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be a moving force that caused the ultimate injury.

Many factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be a cause of the injury or damage.

**Source:** Ninth Circuit Model Civil Jury Instructions – 9.8 (2007 Edition)

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    DAMAGES

## 18. DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's illegal search and seizure claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants.

In determining the measure of damages, you should consider:
> (1) The nature and extent of any injuries;
> (2) The mental and emotional pain and suffering experienced;
> (3) Any harm to reputation within the community;
> (4) The reasonable value of wages, earnings, earning capacity, employment, or business or employment opportunities lost to the present time; and
> (5) The reasonable value of necessary repairs to any property which was damaged.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

**Source:** Ninth Circuit Model Civil Jury Instruction - 5.1 & 5.2 (2007 Edition).

# 19. PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Source:** Ninth Circuit Model Civil Jury Instruction – 5.5 (2007 Edition).

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

## IV.    CLOSING INSTRUCTIONS

### 20. DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:** Ninth Circuit Model Civil Jury Instructions - 3.1 (2007 Edition).

United States District Court
Northern District of California

1

## 21. CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

2

3

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

4

5

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

6

7

8

9

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

10

11

12

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

13

14

15

16

17

**Source:** Ninth Circuit Model Civil Jury Instructions - 3.1A (2007 Edition).

18

19

20

21

22

23

24

25

26

27

28

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 22. COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Bailiff signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

**Source:** Ninth Circuit Model Civil Jury Instructions - 3.2 (2007 Edition).

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 23. RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

**Source:** Ninth Circuit Model Civil Jury Instructions - 3.3 (2007 Edition).

Case No. 14-CV-02016-LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)